UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LATRICIA S.,

                                  Plaintiff,

                                          DECISION AND ORDER

                                          20-CV-1367L

            v.

KILOLO KIJAKAZI,
Commissioner of Social Security,

                                Defendant.
_____

       Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the Commissioner's final determination.

       On July 24, 2017, plaintiff, then thirty-three years old, filed applications for disability insurance benefits under Title II of the Social Security Act (the "Act"), and for supplemental security income under Title XVI of the Act, alleging an inability to work as of July 1, 2017. (Administrative Transcript, Dkt. #12 at 23). Her applications were initially denied. Plaintiff requested a hearing, which was held on July 11, 2019 via videoconference before Administrative Law Judge ("ALJ") T. Kim. The ALJ issued a decision on July 18, 2019 concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #12 at 23-36). That decision became the final decision of the Commissioner when the Appeals Council denied review on July 27, 2020. (Dkt. #12 at 1-4). Plaintiff now appeals.

The plaintiff has moved for judgment remanding the matter for further proceedings (Dkt. #13), and the Commissioner has cross moved (Dkt. #14) for judgment on the pleadings, pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

**DISCUSSION**

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ's decision summarizes plaintiff's medical records, which reflect treatment for Crohn's disease, colitis, cervical radiculopathy, and mild obesity, which the ALJ concluded together constituted a severe impairment not meeting or equaling a listed impairment. (Dkt. #12 at 26). The record also evidenced diagnoses of unspecified anxiety disorder, major depressive disorder, and post-traumatic stress disorder. Applying the special technique for mental impairments, the ALJ concluded that plaintiff is mildly limited in understanding, remembering, and applying information, mildly limited in social interaction, mildly limited in concentrating, persisting, and maintaining pace, and mildly limited in adapting or managing herself. The ALJ therefore found plaintiff's mental health impairments to be non-severe. (Dkt. #12 at 26-27).

Upon consideration of the record, the ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform work at the medium exertional level – defined as requiring the ability to lift up to fifty pounds at a time, with the frequent lifting and carrying of objects

weighing up to twenty-five pounds – and can frequently operate hand controls, reach, push, pull, handle, finger, and feel with both upper extremities. Plaintiff can also frequently kneel, crouch, stoop, balance, crawl, and climb stairs and ramps. Plaintiff can never climb ladders, ropes or scaffolds, and can never be exposed to unprotected heights or moving mechanical parts. She can tolerate occasional exposure to vibration. She is able to understand, carry out, and remember simple instructions, and make simple work-related decisions. She will be off-task for 5% of the workday. (Dkt. #12 at 28-29).

Given this RFC, vocational expert Sharon D. Ringenberg testified that plaintiff could not return to her past relevant work as a housekeeper (which requires the ability to climb), but could perform the representative unskilled, medium exertion positions of janitor, automobile detailer, and patient escort. (Dkt. #12 at 35-36).

I find that the evidence of record does not support the ALJ's findings concerning the nature and extent of plaintiff's exertional limitations, and that the ALJ may have overlooked material evidence of record. The ALJ's determination that the plaintiff was not disabled was not supported by substantial evidence, and remand for further proceedings is necessary.

I.   **The ALJ's Exertional RFC Finding**

Plaintiff does not challenge the ALJ's assessment with respect to plaintiff's non-exertional limitations (that is, the ALJ's determination that plaintiff's mental limitations are non-severe), but argues that the ALJ's finding that plaintiff can perform work at the "medium" exertional level is not supported by substantial evidence. Specifically, plaintiff argues that there is insufficient evidence that plaintiff can perform medium exertion tasks such as lifting up to fifty pounds at a time, with frequent lifting and carrying objects up to twenty-five pounds, and that the ALJ

3

cherry-picked the record, overlooking objective evidence of record that contradicted the RFC finding.

The Court concurs. The record simply does not contain any objective evidence assessing plaintiff's ability to lift and carry objects weighing up to fifty pounds, and the fact that some assessments noted "full" strength or range of motion does not comprise substantial evidence that plaintiff was able to perform the exertional requirements of medium work. As other courts have noted, "a person without *any* medically recognizable impairments may be unable to lift and carry" fifty pounds or more, *Fraser v. Commissioner*, 2013 U.S. Dist. LEXIS 164702 at *15-*16 (E.D. Cal. 2013) (emphasis added), and a physician's finding that a claimant's strength is "normal" or "5/5" does not mean that the claimant "had the *maximum* strength humanely possible": an assessment of full strength is simply "too vague" to comprise substantial evidence in support of an ALJ's conclusion that a claimant can lift and carry large amounts of weight. *Catalano v. Berryhill*, 2018 U.S. Dist. LEXIS 207133 at *23-*24 (S.D.N.Y. 2018) (ALJ erred in using objective assessments of full strength to find that a sixty-year-old claimant could lift and carry 50 pounds frequently and 100 pounds occasionally). *See also Kaitlyn S. v. Commissioner*, 2021 U.S. Dist. LEXIS 169599 at *14-*15 (W.D.N.Y. 2021) (ALJ erred in determining that plaintiff could perform work at all exertional levels, where there was no evidence to support the implicit conclusion that the plaintiff was capable of lifting, e.g., objects weighing 50-100 pounds); *Brown v. Colvin*, 2017 U.S. Dist. LEXIS 141071 at *27-*28 (S.D.N.Y. 2017)(by rejecting the only physician opinion that specifically assessed plaintiff's lifting and carrying abilities, ALJ's determination that plaintiff could perform the requirements of medium work, due to examination findings of "full strength" and "full range of motion," was unsupported by substantial evidence).

Indeed, despite some objective findings of full strength and range of motion, there were other opinions and evidence in the record that suggested the inability to perform medium work, all of which the ALJ either ignored or discredited, mischaracterizing the record as wholly unsupportive of plaintiff's "reported symptoms of restricted movement with lifting and bending as well as increased pain with walking and sitting." (Dkt. #12 at 32). This was error.

For example, after plaintiff was involved in a motor vehicle accident on April 5, 2017, sustaining the neck, back and shoulder injuries that gave rise to her severe impairment of cervical radiculopathy, she treated at least fifteen times with physician Dr. Michael Calabrese. The ALJ did not mention Dr. Calabrese in the decision, nor did the ALJ note Dr. Calabrese's repeated and consistent objective findings over the ensuing eighteen months that plaintiff had a limited range of motion in her cervical spine, with tenderness and spasms, evidenced by marked straightening of the normal curvature of the neck, limited range of motion in her shoulder, limited range of motion in her lumbar spine with tenderness and bilateral spasms, and positive straight leg raising tests, suggestive of spinal nerve root irritation or compression. (Dkt. #12 at 425, 430, 436, 1030-31, 1045, 1062, 1061, 1076, 1081-82, 1097-98, 1112).[1]

The ALJ's choice not to acknowledge or distinguish Dr. Calabrese's objective findings suggests improper cherry-picking of the record. While an "ALJ is not obligated to 'reconcile explicitly every conflicting shred of medical testimony,' [the ALJ] cannot simply selectively choose evidence in the record that supports [the ALJ's] conclusions." *Dioguardi v. Commissioner*, 445 F. Supp.2d 288, 297 (W.D.N.Y. 2006)(quoting *Gecevic v. Secretary of Health & Human*

---

[1] Indeed, Dr. Calabrese opined on several occasions between October 2017 and September 2018 that plaintiff's spinal injuries rendered her temporarily disabled to a "moderate" degree, and/or limited her to sedentary work. (Dkt. #12 at 1038, 1059, 1078). While the ALJ was not required to credit these opinions, as they pertained to the ultimate issue of disability which is reserved for the Commissioner, the objective findings upon which they were based were relevant to the ALJ's analysis, and appear to have been erroneously ignored or overlooked.

5

*Servs.*, 882 F. Supp. 278, 286 (E.D.N.Y. 1995)). The Court "cannot accept an unreasoned rejection of evidence that supports plaintiff[']s position." *Ellis v. Astrue*, 2011 U.S. Dist. LEXIS 34203 at \*24 (E.D.N.Y. 2011)(quoting *Pagan on Behalf of Pagan v. Chater*, 923 F. Supp. 547, 556 (S.D.N.Y. 1996)). "[An] ALJ's failure to acknowledge relevant evidence or to explain its implicit rejection is plain error," and deprives the Court of the ability to meaningfully review whether the ALJ's decision is supported by substantial evidence. *Pagan*, 923 F. Supp. 547 at 556. Here, the ALJ's implicit rejection of Dr. Calabrese's findings, which flatly contradicted the ALJ's determination that plaintiff's complaints of restricted movement and pain "are not reflected in her medical findings," was erroneous. (Dkt. #12 at 32).

The ALJ also failed to sufficiently explain the weight given to the opinion of physician Dr. Nikita Dave, who was the *only* treating or examining physician who rendered an opinion concerning plaintiff's exertional capacity. Dr. Dave examined plaintiff on October 5, 2017, and opined that due to Crohn's disease, plaintiff may have "moderate" limitations in lifting, carrying, pushing, and pulling of heavy objects, and more broadly, with respect to any activities involving physical strain. Dr. Dave opined that plaintiff would benefit from a limitation to seated activities, with "light activities such as standing and walking [being performed] on and off," and allowances for restroom breaks. (Dkt. #12 at 495). The ALJ rejected Dr. Dave's opinion (finding it "somewhat persuasive," but declining to fully credit any of the limitations it suggested), citing plaintiff's largely normal examination findings, including full range of motion and strength, and her "conservative" treatment history.

This was error. Initially, all of the limitations opined by Dr. Dave were explicitly intended to account for the symptoms of Crohn's disease, and were thus not contradicted by her examination findings concerning plaintiff's range of motion or strength. In some cases, it has been noted that

the symptoms of Crohn's disease, an inflammatory bowel disorder associated with symptoms including abdominal pain, diarrhea, and fatigue, can be triggered or aggravated by strenuous physical activity, and thus can give rise to exertional and postural limitations. *See generally Canty v. Colvin*, 2015 U.S. Dist. LEXIS 168244 at *7-*9 (W.D.N.Y. 2015) (ALJ erred in finding that medical opinion imposing "moderate" limitations in "repetitive exertional activities" for Crohn's patient is consistent with the performance of medium work, because medium work requires "considerable" lifting and carrying, and "frequent[]" bending and stooping). As such, the ALJ's rejection of Dr. Dave's opinion, on the basis that her objective findings were inconsistent with the limitations she had indicated to account for plaintiff's Crohn's disease symptoms, was erroneous.

Finally, and most significantly, the record before the ALJ was insufficient to support a finding, based on substantial evidence, that plaintiff could perform the sitting, standing, walking, lifting, carrying, and other functions required for work at the medium exertional level.[2] "An ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Guttierez v. Berryhill*, 333 F. Supp. 3d 267, 271 (W.D.N.Y. 2018)(citations and quotation marks omitted). An ALJ may render a "common sense judgment about functional capacity," unaided by competent medical opinion, in cases where the record shows "relatively little physical impairment." *See Rivera v. Saul*, 2019 U.S. Dist. LEXIS 138434 at *17-*18

---

[2] The only evidence of record that explicitly indicated that plaintiff could perform the requirements of medium work was the opinion of non-examining state agency physician Dr. J. Koenig, whose terse, half-page assessment that plaintiff could perform a full range of "medium" work was found to be "somewhat persuasive" by the ALJ. However, Dr. Koenig never examined plaintiff or reviewed the full record: the evidence cited by Dr. Koenig consisted solely of Dr. Dave's report. (Dkt. #12 at 497-99). As discussed above, Dr. Dave's report did *not* support a finding that plaintiff was able to perform the lifting, carrying, postural and other requirements of medium work, and to the extent the ALJ credited Dr. Koenig's opinion concerning plaintiff's exertional RFC over that of Dr. Dave, the ALJ erroneously failed to provide any sound rationale for doing so. *See Juan T. v. Kijakazi*, 2021 U.S. Dist. LEXIS 204880 at *14-*15 (D. Conn. 2021)(for applications filed after March 27, 2017, the ALJ must consider medical opinions using factors outlined in the regulations, particularly supportability and consistency with the record, and must "explain" how those factors were considered).

(D. Conn. 2019)(quoting *Barnes v. Berryhill*, 2018 U.S. Dist. LEXIS 38596 at *11 (D. Conn. 2018)). However, the ALJ cannot do so where, as here, the record contains evidence of more significant physical restrictions, and/or where the severe impairments identified by the ALJ (here, Crohn's disease, colitis, and cervical radiculopathy) may be expected to result in greater than minimal exertional or postural limitations. *Id*.

Given the dearth of evidence that plaintiff could perform the significant physical and postural requirements of "medium" work, despite the symptoms associated with her spinal impairments, Crohn's disease, and colitis, the ALJ's RFC finding was not supported by substantial evidence, and the ALJ's duty to develop the record was not satisfied. Nor can the ALJ's error be considered harmless: the Commissioner relied solely on medium-exertion jobs to meet her burden to show that there were other positions in the economy that plaintiff could perform, and thus, a more limited RFC finding could lead to a different determination.

## CONCLUSION

For the forgoing reasons, I find that the ALJ's decision was not supported by substantial evidence. The plaintiff's motion for judgment on the pleadings (Dkt. #13) is granted, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #14) is denied.

The Commissioner's decision that plaintiff is not disabled is reversed, and the matter is remanded for further proceedings, including but not limited to the obtainment and review of additional evidence concerning plaintiff's exertional capacity, a thorough review and discussion

of the record, evaluation of the medical opinion evidence in light of the proper factors, and the issuance of a new decision.

    IT IS SO ORDERED.

                                                          _____
                                                                DAVID G. LARIMER
                                                             United States District Judge

Dated: Rochester, New York
       December 9, 2021.